### OVERTON vs. GERVAIS.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The plaintiff having had judgment in this court for the first instalment of the price of a number of slaves he had sold to the defendant, (after having attached the property of the latter, before any instalment had become due,) *vol.* 5, 682, now offered a supplemental petition, in the court of the first district from which the attachment had issued, praying for judgment for the second and third instalments which were now due.

The court refused to permit the petition to be filed, because judgment had already been given in the case, and because a supplemental petition, relates back and makes part of the

original one, and no judgment can be rendered now or hereafter on the matter set forth but what might have been rendered had it existed at the time of the judgment already rendered.

The plaintiff's counsel took a bill of exceptions and appealed.

We think the district court did not err. A creditor whose debt is not yet payable may in certain cases compel his debtor to give him security or attach his property. When this is done, if the debtor fails to pay, the creditor must proceed against him by suit, notwithstanding the security he has by bond or attachment; for judgment cannot be taken by default for a debt the non-payment of which cannot be presumed, and which the defendant is not bound to deny, because it is not averred.

In the present case the defendent appeared by his attorney, contested the plaintiff's claim on the first instalment, failed in establishing his pretentions, and judgment was given against him. If his failure to pay posterior instalments compelled the plaintiff to such a remedy by suit, he must allege the non-payment of the instalments, and give the defendant an opportunity to rebut the allegation, by a citation.

The first principle of justice is that no one should be condemned unheard, or without being cited to be heard. The attachment of one's property is not in our law considered as a citation—for the sheriff is required to cite the party by advertisements—now, a citation necessarily relates to a complaint previously made, and the complaint must follow, not precede the injury to be redressed.

At the time judgment was given for the first instalment, no complaint had been made that the two following were unpaid, the defendant was therefore no longer in court, though some of his property might be in the custody of the sheriff, this property he was at liberty to regain by giving bond. A creditor who has surety or security for his debt cannot obtain judgment, without giving his debtor, by a citation, the opportunity of contesting it, or proving payment.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.

*Ripley* and *Conrad* for the plaintiff, *Duncan* for the defendant.